IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTHA FENCHAK BELL, | 19cv00715 |
| Plaintiff, | ELECTRONICALLY FILED |
| v. | |
| LOANDEPOT.COM LLC, | |
| Defendant. | |

**MEMORANDUM ORDER**

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint. ECF 9. In its Motion Defendant argues that Plaintiff's Complaint must be dismissed under either or both Federal Rule 12(b)(1) and/or 12(b)(6). Id. Plaintiff filed a Response to the Motion to Dismiss (ECF 18), and Defendant filed a Reply to same. ECF 21.

Having carefully considered the matter, the Court will GRANT Defendant's Motion and dismiss this case in its entirety, with prejudice, for the reasons set forth below.

**A. STANDARD OF REVIEW**

    **1. Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(1)**

A Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenges this Court's "very power to hear the case." *See Judkins v. HT Window Fashions Corp.*, 514 F. Supp. 2d 753, 759 (W.D. Pa. 2007) (Lancaster, J.) (quoting *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). As the party asserting jurisdiction, Plaintiff "bears the burden of showing that its claims are properly before the district court." *Dev. Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995). In reviewing a Motion to Dismiss pursuant to

Rule 12(b)(1), this Court must distinguish between facial attacks and factual attacks. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006).

A facial attack challenges the sufficiency of the pleadings, and the Court must accept the Plaintiff's allegations as true. *Id.* A Defendant who attacks a complaint on its face "[asserts] that considering the allegations of the complaint as true, and drawing all reasonable inferences in favor of [plaintiff], the allegations of the complaint are insufficient to establish a federal cause of action." *Mullen v. Thompson*, 155 F. Supp. 2d 448, 451 (W.D. Pa. 2001). Dismissal is proper under Rule 12(b)(1) only when "the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or. . . is wholly insubstantial and frivolous." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

When a defendant launches a factual attack on subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Petruska*, 462 F.3d at 302 (quoting *Mortenson*, 549 F.2d at 891). In a factual attack, this Court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings. *See United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

**2. Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6)**

Under Rule 12(b)(6), a Complaint must be dismissed for "failure to state a claim upon which relief can be granted." Detailed factual pleading is not required – Rule 8(a)(2) calls for a "short and plain statement of the claim showing that the pleader is entitled to relief" – but a Complaint must set forth sufficient factual allegations that, taken as true, set forth a plausible claim for

relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard does not require a showing of probability that a claim has merit, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), but it does require that a pleading show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Determining the plausibility of an alleged claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013); *see also Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (In reference to third step, "where there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.").

When adjudicating a Motion to Dismiss for failure to state a claim, the Court must view all of the allegations and facts in the Complaint in the light most favorable to the plaintiff, and must grant the plaintiff the benefit of all reasonable inferences that can be derived therefrom.

3

*Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)). However, the Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. See *Reuben v. U.S. Airways, Inc.*, 500 F. App'x 103, 104 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678); *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210-11 (3d Cir. 2009) (stating that District Courts "must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions"). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler,* 578 F.3d at 212.

In short, a Motion to Dismiss should be granted if a party fails to allege facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

**B. FACTUAL AND PROCEDURAL HISTORY**

Plaintiff's ("Bell's") Complaint alleges that Defendant ("Loan Depot") violated "title X of the Dodd-Frank Act." Bell contends that she was a victim of predatory lending and was targeted by Loan Depot due to her race, age, health, sex, and/or ethnicity. ECF 7. Next, Bell's Complaint lists her monthly income and expenses, and alleges that based on these numbers she was unable to afford the monthly mortgage payment and, thus, was unable repay Loan Depot. Id.

Defendant, in its Brief in Support of its Motion, explains that in November of 2015, Plaintiff executed a Note in the amount $151,861.00 (Plaintiff alleges it was $153, 300.00 in her Complaint), in favor of Defendant. ECF 9-1. Defendant further alleges that the amount of the Note was secured by real property located in the Western District of Pennsylvania which Plaintiff owned. Id.

Defendant informed this Court that it brought a foreclosure action in the Court of Common Pleas for Allegheny County, Pennsylvania, against Plaintiff's real property at issue in the instant matter. ECF 9-1; *see* Court of Common Pleas for the Commonwealth of Pennsylvania, Alleg. Co., case no. 16-MG-001079. In late 2019, Plaintiff herein filed an appeal with the Superior Court of Pennsylvania seeking a reversal of the trial court's decision denying her request for a preliminary injunction and temporary restraining order to prevent foreclosure. See Superior Court for the Commonwealth of Pennsylvania, case no. 1837 WDA 2019. The appeal is still an open and pending matter in the Superior Court.

**C. DISCUSSION**

A document filed *pro se* is to be liberally construed and a *pro se* complaint, however unartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted). *See also,* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

It is with these basic tenets in mind that Court analyzed the allegations in Bell's Complaint and considered the arguments raised by Loan Depot in its Motion and Brief in support of dismissal.

### 1. Loan Depot's *Rooker-Feldman* Argument

Loan Depot first argues that pursuant to the Rooker-Feldman doctrine this Court lacks jurisdiction to adjudicate this matter. Bell did not respond to this argument. Turning to Defendant's argument:

> The *Rooker–Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Rooker–Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

There is no indication found within Bell's Complaint to suggest that she is seeking to have this Court review and reject the decision of the Court of Common Pleas for Allegheny County, Pennsylvania, with respect to its decision to deny her request for a preliminary injunction and temporary restraining order. Indeed, this Court notes that she has filed an appeal with the Superior Court asking that Court to review and reject the decision of the Common Pleas Court. Therefore, the Court finds that Loan Depot's first argument fails.

### 2. Loan Depot's *Res Judicata* Argument

Next, Loan Depot contends that the doctrine of *res judicata* bars Bell from pursing the instant federal lawsuit. Again, Bell did not respond to this particular argument.

The pendency of an action in the state court is not necessarily a bar to proceedings concerning the same matter in the Federal court having jurisdiction. Properly invoked concurrent jurisdiction does not vanish if a state court reaches judgment on the same or related question while the case remains sub judice in a federal court. *Exxon*, 544 U.S. at 292.

That said, *res judicata*, or claim preclusion, holds that a final judgment on the merits by a court of competent jurisdiction bars any future action on the same cause of action between the parties and their privies. *Rearick v. Elderton State Bank*, 97 A.3d 374, 380 (Pa. Super. 2014). *Res judicata* applies where the following are present: (1) identity of the thing sued upon or for; (2) identity of the cause of action; (3) identity of persons or parties to the actions; and (4) identity of the quality or capacity of the parties suing or sued. *Id.*

In determining whether *res judicata* should apply, a court may consider whether the factual allegations of both actions are the same, whether the same evidence is necessary to prove each action and whether both actions seek compensation for the same damages. *Mintz v. Carlton House Partners, Ltd.*, 595 A.2d 1240, 1246 (Pa. Super. 1991).

Turning to the instant matter, it appears as though Bell is alleging that she was the victim of a predatory lending scheme concocted by Loan Depot, and she is presumably seeking damages from Loan Depot for this alleged conduct. This appears to be a different cause of action and thus the *res judicata* argument advanced by Loan Depot fails.

**3. Loan Depot's Rule 12(b)(6) Arguments**

On pages 9 through 11 of Loan Depot's Brief (ECF 9-1), Loan Depot asserts that any potential RESPA and/or TILA claim cannot be asserted, and it also contends that Bell's claim filed pursuant to the Dodd-Frank Act fail. Simply put, Defendant argues that the Dodd-Frank Act does not allow for a private right of action. In response to Loan Depot's Dodd-Frank Act argument, Plaintiff reasserts the allegations set forth in her Complaint – namely that she was targeted by Loan Depot due to her "race, age, health, sex and ethnicity income and history of being an ex-offender[.]"

"Not every federal statute creates a private cause of action." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285–86 (2002). The Dodd–Frank Act: (i) created a Fund, 15 U.S.C. § 78u–6(g)(1); (ii) mandated that the sanctions collected by the SEC "be deposited into or credited to the Fund" when certain conditions are satisfied, *id*. § 78u–6(g)(3); and (iii) directed the SEC to use the Fund to pay whistleblower awards and fund the activities of the Commission's Inspector General, *id*. § 78u–6(g)(2). *Regnante v. Sec. & Exch. Officials*, 134 F. Supp. 3d 749, 759 (S.D.N.Y. 2015). Importantly, the Dodd–Frank Act does not provide for a private right of action by borrowers against lending institutions. *Angino v. Wells Fargo Bank, N.A.*, No. 1:15-CV-418, 2016 WL 787652, at *9 (M.D. Pa. Feb. 19, 2016), *report and recommendation adopted*, No. 1:15-CV-418, 2016 WL 759161 (M.D. Pa. Feb. 26, 2016), *aff'd*, 666 F. App'x 204 (3d Cir. 2016).

Bell is clearly not a whistleblower under the Dodd-Frank Act as that term is defined. In addition, the Court concurs that there is no evidence that the Dodd-Frank Act provides for a private cause of action for individuals such as Bell. Therefore, the Court will dismiss the Bell's Complaint with prejudice as it finds that any amendment would be futile. *See, In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997) ("Among the grounds that could justify a denial of leave to amend are . . . futility. . . . 'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.").

**ORDER OF COURT**

Defendant's Motion to Dismiss, ECF 9, is GRANTED for the reasons set forth herein, and Plaintiff's Complaint is DISMISSED WITH PREJUDICE, as any attempt to assert a private cause of action under the Dodd-Frank Act would be futile. The Clerk of Court is to mark this docket CLOSED.

    SO ORDERED, this 23rd day of January, 2020,

    s/Arthur J. Schwab
    Arthur J. Schwab
    United States District Judge


cc:    All ECF Registered Counsel of Record
        and
    **Martha Fenchak Bell**
    PBO 149
    SCI Muncy
    PO Box 180
    Muncy, PA 17756